UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-50044-JLV |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATION |
| vs. | ) | IN FULL, OVERRULING |
| | ) | OBJECTIONS, AND |
| CRUZ HERNAN PORRAS-PALMA, | ) | DENYING MOTION TO |
| a/k/a HERNAN PORRAS, | ) | SUPPRESS |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Pending before the court is a motion to suppress statements and evidence filed by defendant Cruz Hernan Porras-Palma. (Docket 25). Pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's standing order, Magistrate Judge Veronica L. Duffy held a hearing on this matter and issued a report and recommendation. (Docket 37). Judge Duffy recommended denying Mr. Porras-Palma's motion to suppress in its entirety. Id. at p. 25. Mr. Porras-Palma timely filed two objections to the report and recommendation. (Docket 42). The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357, 358 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).

## DISCUSSION

Mr. Porras-Palma first objects to Judge Duffy's factual finding that Sheriff Fred Koester had not completed his accident investigation before asking Mr. Porras-Palma if he was in the United States legally. (Docket 42 at p. 2). The court overrules Mr. Porras-Palma's objection. As explained in more detail below, questions asked by Sheriff Koester during his investigation of the

accident and the answers provided by Mr. Porras-Palma gave rise to a reasonable suspicion of criminal activity sufficient to expand the scope of the accident investigation.

Mr. Porras-Palma also objects to Judge Duffy's legal conclusion that Sheriff Koester had reasonable suspicion to expand his investigation beyond the scope of the initial traffic stop. (Docket 42 at p. 2). Judge Duffy accurately and throughly set forth the law with respect to when an officer may expand the scope of an initial traffic stop to ask questions not directly related to the initial stop. (Docket 37 at pp. 17-24). Mr. Porras-Palma does not object to Judge Duffy's recitation of the law *per se*, although he objects to her legal conclusion. However, the court finds Judge Duffy's legal conclusion to be correct.

The following factors, when considered in their totality, gave rise to Sheriff Koester's reasonable suspicion that additional criminal activity was afoot. First, neither Mr. Porras-Palma nor his passenger would meet Sheriff Koester's gaze. If this was the only factor, perhaps Sheriff Koester would not have had a reasonable suspicion to question Mr. Porras-Palma as to his legal status, particularly since Sheriff Koester testified that "sometimes people are nervous around law enforcement because they just do not like law enforcement, but that sometimes their nervousness is because they have something to hide." Id. at pp. 2-3. However, this factor coupled with others justifiably gave rise to a reasonable suspicion. Mr. Porras-Palma was not the registered owner of the pickup, nor was his passenger. Id. at p. 4. Perhaps most important, Mr. Porras-Palma could not produce a driver's license nor *any other form of identification* other than a Mexican identification card for use by

2

Mexican nationals while traveling abroad. Id. at pp. 3-4. If Mr. Porras-Palma was a United States citizen, he would have carried some form of identification issued by the United States government, rather than by the government of Mexico. If Mr. Porras-Palma was not a United States citizen, yet was here legally, he would have carried a green card or other documentation establishing his right to work in the United States. The fact Mr. Porras-Palma carried no such documentation or identification would certainly arouse an experienced officer's suspicion that Mr. Porras-Palma was an illegal alien. The court finds the extension of the initial traffic stop reasonable under the totality of the circumstances. Accordingly, Mr. Porras-Palma's objection to Judge Duffy's legal conclusion is overruled.

## CONCLUSION

Having reviewed the record *de novo* and in accordance with the above discussion, it is hereby

ORDERED that Judge Duffy's report and recommendation (Docket 37) is adopted in full.

IT IS FURTHER ORDERED that Mr. Porras-Palma's objections (Docket 42) are overruled.

IT IS FURTHER ORDERED that Mr. Porras-Palma's motion to suppress (Docket 25) is denied.

Dated June 15, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE